# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW FINANCIAL SERVICES, N.A., LLC, | No. C 09-04498 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| FRIEDMAN & WEXLER, LLC, | **Re: Defendant's Motion to Set Aside Entry of Default** |
| Defendants. | |

BMW Financial Services brought suit against Friedman & Wexler, a law firm, alleging malpractice, breach of fiduciary duty, negligence and breach of contract. Before the court is defendant's motion to set aside entry of default, which plaintiff opposes. Having considered the parties' arguments and submissions and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Plaintiff filed its complaint on September 24, 2009. Docket No. 1 (Complaint). On September 25, 2009, the process server advised plaintiff that defendant was evading service. Docket No. 32 (Hassen Dec.) at ¶ 3. Defendant disputes that they were evading service. Docket No. 36 (Defendant's Reply) at n.1. Defendant was officially served with the complaint on October 10, 2009. Hassen Dec., Exh. C (Proof of Service). On his return to the office on October 19, 2009, Mitchell Wexler, one of the named-members of the firm, delegated to his secretary the task of transcribing his dictated letter and promptly sending it with a copy of the summons and complaint to State National Insurance Company, the professional liability insurance carrier for defendant. Docket No. 12

(Wexler Dec.) at ¶ 3. Defendant states that its intention was always to have a responsive pleading filed and that counsel appointed by State National Insurance Company would provide a defense. *Id.* Wexler, for reasons not clear to the court, incorrectly assumed that because the summons and complaint were served on defendant from out-of-state, the Illinois rules allowing a 30-day response would apply. *Id.*

On October 28, 2009, State National Insurance Company received a copy of the summons and complaint from defendant. Docket No. 14 (Afton Dec.) at ¶ 2. The matter was assigned to the claims specialist on October 30, 2009. *Id.* On November 3, 2009, plaintiff requested a clerk's entry of default against defendant. Docket No. 7 (Mot. for Entry of Default). On November 6, 2009, the law firm of Kaplan Papadakis & Gournis, PC, contacted defendant's office to confirm that a defense was being provided to defendant. Afton Dec. at ¶ 2; Wexler Dec. at ¶ 3. The clerk entered default on November 9, 2009. Docket No. 9 (Entry of Default). Defendant was unable to find California counsel that did not have a conflict of interest until November 10, 2009. Docket No. 15 (Kaplan Dec.) at ¶ 3. On November 23, 2009, defendant filed a motion to set aside the entry of default. Docket No. 10 (Mot. to Set Aside Default). Plaintiff filed its opposition on February 1, 2010 and defendant filed its reply on February 8, 2010.

LEGAL STANDARD

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). While the standard is essentially the same as that for setting aside a default judgment under Rule 60(b), it is less stringent. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Sawgrass Sys., Inc. v. Sublimation Res., Inc.*, No. 98-CV-1609, 1998 WL 35256512, at *2 (S.D. Cal. Dec. 23, 1998); *American Alliance Ins., Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

Defaults are disfavored and a clear preference exists for cases to be adjudicated on the merits. *Pecarsky v. Galaxiworld.com*, 249 F.3d 167, 174 (2d Cir. 2001); *Sawgrass*, 1998 WL 35256512, at *2. In fact, "where timely relief is sought from a default judgment and the movant has a meritorious

defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 354 (9th Cir. 1974)

DISCUSSION

A court may deny a Rule 55(c) motion "if (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced fi the judgment is set aside." *See Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). A court may vacate an entry of default "if any of the three factors is true." *Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).[1] Courts have considered other factors. *See Sawgrass*, 1998 WL 35256512, at *2 (considering whether plaintiff knew that defendant wished to dispute liability); *see also Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (8th Cir. 1982) and *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975) (considering whether defendants took quick action to remedy default).

I) Culpable Conduct

a) *Evading Service*

Standing alone, evasion of process is insufficient to refuse to set aside an entry of default under Rule 55(c). *Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990) (holding that while such behavior is culpable, entry of default should be set aside because the plaintiff failed to demonstrate that he would be prejudiced by the reopening of the case and the defendant showed that he had a meritorious defense); *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (holding that intentionally evading service, "even if true, is insufficient to make defendants' failure to answer willful," as "[n]o obligation to answer arose until after service was effected).

Plaintiff's allegation that defendant evaded service fails to persuade the court that default should not be set aside, especially because, as shown below, plaintiff will not be prejudiced by the reopening of the case, defendant has offered a plausible defense and has moved for timely relief.

3

b) *Mistaken Belief of Law and Delay in Obtaining Counsel*

Contrary to plaintiff's arguments, the current rule in this Circuit is that misinterpretation of an unambiguous rule can be excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Defendant's mistaken belief as to the law does not constitute culpable conduct. Furthermore, the delay in obtaining counsel is not attributable to defendant. *See Niepoth v. Montgomery County Dist. Attorney's Office*, 177 F.R.D. 111, 112-13 (N.D.N.Y. 1998). Accordingly, the court finds defendant's conduct was not willful or culpable.

II) <u>Merit of Moving Party's Defense</u>

The meritorious defense component merely requires a party's averments to only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. *Hunter v. TBDC. LLC*, No. C-08-4158, 2009 WL 224958, at *4 (N.D. Cal. Jan. 29, 2009) (Chen, J.) (citing *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989)) *see also Keegel*, 627 F.2d at 374.

With respect to all four of plaintiff's actions, defendant meets this requirement by challenging plaintiff's ability to meet the required prongs.[2] Defendant's Reply at 7-9; Mot. to Set Aside Default at 13-5. Defendant satisfies the meritorious defense component.

III) <u>Prejudice to Non-Moving Party</u>

Plaintiff does not dispute defendant's contention that setting the default aside would not prejudice plaintiff. The court therefore finds that plaintiff would not be prejudiced if the default is set aside.

IV) <u>Other Factors</u>

Defendant had expressed to plaintiff's counsel an intent to assert a defense. *Id.* at 9.[3] Considering the excusable difficulties that defendant faced in finding counsel, defendant acted quickly to remedy the entry of default. These factors also support setting aside the entry of default.

4

CONCLUSION

For the foregoing reasons, defendant's motion to set aside entry of default is GRANTED.

IT IS SO ORDERED.

Dated: 2/24/10

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5

## ENDNOTES

1. On the other hand, where the default was the result of the defendant's culpable conduct, a district court may refuse to set aside the default on that basis alone. *Alan Neuman Prod. Inc. v. Albright*, 872 F.2d 1388 (9th Cir. 1988); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). However, district courts have set aside defaults after considering the other two factors even when they found culpable conduct on the part of the defendant. *See Crutcher v. Coleman*, 205 F.R.D. 581 (D. Kan. 2001).

2. To succeed in legal malpractice, breach of fiduciary duty or negligence action, a plaintiff must establish, among other things, (1) the existence of a duty on the part of the defendant; and (2) the resulting damage was due to the breach of that duty. *Budd v. Nixen*, 6 Cal.3d 195, 200 (Cal. 1971) *superseded on other grounds by section 340.6 as recognized in Laird v. Blacker*, 235 Cal. App. 3d 1795, 1815 (Cal. App. 1991) (requirements for legal malpractice actions); *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (Cal. App. 1st 1995) (requirements for breach of fiduciary duty actions); *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996) (requirements for negligence actions). To prevail in a breach of contract action, a plaintiff must prove, among other things, actual damage that resulted from the defendant's breach. *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (Cal. App. 2d Dist. 1971).

3. On a related matter, defendant urges the court to consider the common practice of notifying the opposing attorney before requesting an entry of default. Schwarzer, Tashima & Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (TRG 2009) § 6:40. While this practice represents common courtesy and is a good idea, it is not required by the federal rules or case law. Indeed, if a defendant fails to respond as required by law, it is not entitled to any further notice before entry of default. *Hawaii Carpenters' v. Stone*, 794 F.2d at 512. Whether this practice extends to the situation where the counsel is, in fact, the defendant, does not commend this court's time.